**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Duane H Hannan,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-08150-PCT-SRB<br><br>**ORDER** |

The Court now considers Petitioner Duane H. Hannan ("Petitioner")'s *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1 ("Pet.")). On May 6, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the Petition be denied. (*See* Doc. 17, R. & R.) On June 19, 2019, Petitioner filed his Objections. (*See* Doc. 20, Objs. to R. & R. ("Obj.").)

**I.  BACKGROUND**

The background of this case was summarized in the Report and Recommendation and is incorporated in relevant part herein:

> Pursuant to a plea agreement, on April 10, 2014, Petitioner pleaded guilty to Count 2 in CR201300392, Sexual Conduct with a Minor Under 15 Years of Age, and to Count 1 in CR201300725, as amended to Attempted Child Molestation. (Doc. 15-1 at 22-26) Petitioner was represented by separate counsel for each case. (*Id.* at 26) The conviction and sentence in CR201300725 is not challenged in this habeas matter, but the case result is referenced for clarity regarding below proceedings.

On May 8, 2014, the superior court sentenced Petitioner to the presumptive term of 20 years' imprisonment on Count 2 of CR201300392 followed by community supervision commencing immediately after his term of imprisonment. (*Id.* at 50) In June 2014, Petitioner filed a Notice of Post-Conviction Relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure and specified he was seeking relief under CR201300725, but he described the charge and sentence associated with CR201300392. (Doc. 15-1 at 56–58) The superior court appointed him counsel. (*Id.* at 60) On August 27, 2014, Petitioner filed another Notice of PCR in superior court, this time identifying CR201300392 as the case for which he sought relief and listing the charges he was convicted of under both CR201300725 and CR201300392. (*Id.* at 62-66) He indicated he was represented by counsel. (*Id.* at 66) The superior court ordered Petitioner's counsel to file a PCR petition within 60 days or to file a notice she had identified no colorable claim to assert. (*Id.* at 93)

In October 2014, Petitioner filed a motion requesting the production of records. (*Id.* at 95–98) On November 20, 2014, he filed "supplements" to his PCR petition under both cases. (*Id.* at 100–122) On November 18, 2014, Petitioner's counsel filed a notice of completion of review in the superior court under CR201300392, averring she had not been able to identify a "tenable issue" to support a PCR action. (*Id.* at 124–125) The superior court dismissed Petitioner's PCR petition. (Doc. 15-2 at 2–5) The judge noted that at the time of Petitioner's change of plea hearing, which he also presided over, he had observed the demeanor of Petitioner and his counsel in CR201300392 and that he concluded Petitioner had been truthful when he had advised the court his plea had not been the result of any force, threats, or coercion, and that Petitioner was not being truthful by asserting in his amended petition that his trial counsel had "scared him into pleading guilty." (*Id.* at 3) Petitioner appealed the superior court's ruling to the Arizona Court of Appeals. (*Id.* at 7)

In June 2015, Petitioner filed with the superior court a petition for writ of error *coram nobis*, seeking to assert a speedy trial right claim. (*Id.* at 14–16) The superior court entered a notice stating it lacked jurisdiction to rule on the petition while Petitioner's appeal was pending in the court of appeals. (*Id.* at 25) Petitioner timely appealed the superior

court's ruling to the court of appeals. (*Id.* at 27, 29–34) He asserted: (1) the buccal swab evidence was taken illegally; (2) the state improperly refused to disclose all recordings of police interviews with the victims and failed to disclose inconsistencies in the statements of the victim in CR201300392, violating his state and federal constitutional protections; (3) county detention officials improperly removed exculpatory letters written by the victims from his jail cell, violating his Sixth Amendment rights; and (4) his trial counsel coerced him to plead guilty by telling him he would be sentenced to 54 years' imprisonment if he did not take the offered plea agreement. (*Id.*) In November 2015, Petitioner submitted a document to the court of appeals captioned as an amendment to his opening brief, asserting a speedy trial violation under state and federal constitutions and rules. (*Id.* at 66–68) The court of appeals denied Petitioner's motion to amend his petition as "unnecessary." (*Id.* at 73)

The Arizona Court of Appeals filed its decision on the petition for review in March 2017, denying relief. (Doc. 15-2 at 96–99) Although Petitioner filed a notice of appeal in the court of appeals declaring he would seek review in the Arizona Supreme Court, the record indicates he failed to file a petition for review in the state high court and also did not file a motion for reconsideration in the court of appeals. Because Petitioner did not make either of these two filings, the court of appeals issued its mandate on April 21, 2017. (*Id.* at 95)

Petitioner filed a second PCR petition in CR201300392 with the superior court on May 4, 2017. (Doc. 15-2 at 103–105) He asserted that "speedy trial rights were exceeded but [were] unknown to Petitioner until October 2014[,]" and that newly discovered evidence existed that would have changed his verdict or sentence. (*Id.* at 104) He indicated he was raising an ineffective assistance of counsel ("IAC") claim. (*Id.* at 104) The superior court denied appointment of counsel and dismissed Petitioner's second notice of PCR pursuant to Arizona Rule of Criminal Procedure 32(a)(3), stating that Petitioner had waived his claim when he entered his guilty plea and in any event did not raise it in his first PCR action. (*Id.* at 109–110) Petitioner filed a notice of appeal in the superior court stating he was seeking review in the Arizona Court of Appeals. (Doc. 15-3 at 2, 3) The court of appeals treated Petitioner's action as a petition for review and conducted a

> review of the record. (*Id.* at 5–6) The court dismissed the petition for review because it was untimely pursuant to Arizona Rule of Criminal Procedure 32.9(c). (*Id.* at 5) Petitioner filed a petition for review in the Arizona Supreme Court in which he argued his speedy trial violation claim and his argument that the DNA buccal swab from his victim's child was illegally obtained. (*Id.*at 11–13) The supreme court denied review without discussion by order dated February 14, 2018. (*Id.* at 35)

(R. & R. at 2–6.)

On July 9, 2018, Petitioner filed his Petition, asserting four grounds for relief: (1) the State knowingly violated his speedy trial rights guaranteed by the United States and Arizona Constitutions ("Ground One"); (2) DNA evidence of the newborn child of one of his victims was collected in violation of the Fourth Amendment ("Ground Two"); (3) the State violated Petitioner's right to present evidence in his own defense when exculpatory letters from his victims "came up missing" during a cell transfer ("Ground Three"); and (4) Petitioner's due process rights were violated when the State denied him "use of court records, evidence compiled by [the] State, actual interviews, and DNA chain of custody and results" in his first state PCR proceeding ("Ground Four"). ("Pet." at 6–9.) The Magistrate Judge rejected every ground and recommended the Court deny the Petition. (R. & R. at 1.) Petitioner raises four objections: (1) the Petition is timely ("Objection One"); (2) Petitioner's claims are cognizable in habeas ("Objection Two"); (3) Petitioner's guilty plea did not waive his claim involving the missing victim letters ("Objection Three"); and (4) Petitioner did not procedurally default his claims ("Objection Four"). (Obj. at 3–15.)

## II. LEGAL STANDARD AND ANALYSIS

A district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court need review only those portions objected to by a party, meaning the court can adopt without further review all portions not objected to. *See United States v. Reyna–Tapia*,

- 4 -

328 F.3d 1114, 1121 (9th Cir. 2003).

## A. Objection One: Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). For plea-convicted defendants in Arizona, Rule 32's "of-right proceeding" is one form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 716–17 (9th Cir. 2007); *see* Ariz. R. Crim. P. 32. Rule 32's of-right proceeding includes both "the first post-conviction proceeding," in which prisoners may challenge their conviction, custody, or sentence, "as well as the timely filed proceeding that follows it," in which prisoners may challenge the effectiveness of counsel in the first proceeding. *Osterkamp v. Browning*, 250 P.3d 551, 554 n.1, 555–56 (Ariz. Ct. App. 2011). This second proceeding protects the due process right to effective assistance of counsel in what, for the pleading defendant, is effectively his first appeal of right. *Id.* at 556; *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (recognizing the right to counsel in first appeal of right). In other words, a conviction made in Arizona pursuant to a plea agreement becomes "final"— and AEDPA's one-year clock begins to run—when a timely initiated second PCR proceeding concludes and the time for seeking review expires.

Because Petitioner was convicted pursuant to a plea agreement, his of-right Rule 32 proceeding was a form of direct review. (*See* Doc. 15-1, Plea Agreement at 22–26.) As such, AEDPA's one-year clock did not begin to run until this proceeding concluded and the time, if any, for seeking further review expired. Under *Osterkamp*, this proceeding included Petitioner's first PCR proceeding, in which he challenged his conviction, and his second PCR proceeding, if it was properly filed and if in it, he challenged the effectiveness of counsel in the first proceeding. (Doc. 15-1, June 18, 2014 Notice of PCR at 56–58; Doc. 15-2, May 8, 2017 Notice of PCR at 103–05.)

---

[1] While there are other triggers for starting the running of the statute of limitations, none is relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Parties and the Magistrate Judge disagree over whether the second PCR notice was properly filed. The Magistrate Judge determined the second PCR notice was not properly filed because it raised an untimely speedy trial claim. (R. & R. at 11–12.) Petitioner argues that a state PCR notice raising timely claims is not improperly filed simply because it also raises untimely claims, and that he timely raised an ineffective assistance of counsel claim. (Obj. at 4; *see id.* (conceding the speedy trial claim was untimely)). When the state PCR court has not "clearly ruled" on the timeliness of a state PCR filing, it is the responsibility of the habeas court to consider whether the state PCR filing was timely as a matter of state law before counting days toward AEDPA's one-year limit. *Carey v. Saffold*, 536 U.S. 214, 226–27 (2002); *see also Evans v. Chavis*, 546 U.S. 189, 198 (2006) ("[T]he [federal court] must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."). The state PCR court did not clearly rule on the timeliness of Petitioner's second PCR notice: it dismissed Petitioner's second PCR notice after apparently evaluating its merits. (*See* Doc. 15-2, June 6, 2017 Order at 109–10 ("[A] review of the record shows [Petitioner's claim] has no merit[.]").) It is therefore the Court's responsibility to consider whether the second PCR notice was timely and otherwise properly filed.

Arizona Rule of Criminal Procedure 32.4(a)(2)(C) permits a defendant to "raise an of-right claim of ineffective assistance of Rule 32 counsel in a successive Rule 32 notice" within "30 days after the final order or mandate in the defendant's of-right petition for post-conviction relief." The appellate court issued its mandate on April 21, 2017, so Petitioner had thirty days, or until May 22, 2017, to file a notice claiming ineffective assistance of counsel in his first Rule 32 proceeding. Petitioner filed a notice on May 8, 2017 and checked a box indicating he was "raising a claim of ineffective assistance of counsel." (*See* Doc 15-2, Notice of Post-Conviction Relief, at 103–05.) This arguably satisfied Rule 32.4's filing requirements.[2]

---

[2] *See Osterkamp*, 250 P.3d at 555 ("In an of-right proceeding, a 'timely' notice . . . [includes] a notice filed within thirty days . . . after this court issues its mandate."); *Pruett*,

The State argues that Rule 32.4's thirty-day deadline to file an ineffective assistance of counsel claim does not apply because "no claim of ineffective assistance of PCR counsel was asserted in the second PCR proceeding." (Doc. 21, Resp. to Obj. ("Resp.") at 3.) The State reasons that, while Petitioner checked the box indicating he was "raising a claim of ineffective assistance of counsel," on that same form, Petitioner also indicated that he did not have previous appellate or PCR counsel. (Resp. at 3–4.) Thus, the state PCR court "reasonably interpreted the second PCR proceeding's checked-box IAC claim as a claim concerning *trial* counsel." (Resp. at 4 (emphasis in original).) But this argument is misdirected: because the state PCR court did not "clearly rule[]" on the timeliness of the notice, its understanding of Petitioner's IAC claim as concerning trial counsel is irrelevant. And the Supreme Court has directed that "[t]he handwritten pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A liberal construction is particularly appropriate where, as here, such a construction would further the purpose of Rule 32's second proceeding: to permit defendants "to allege that the attorney appointed in the first PCR proceeding was constitutionally ineffective." *Powell v. Ryan*, No. CV-14-02043-TUC-RM, 2016 WL 4473066, at *2 (D. Ariz. Aug. 25, 2016); *see also Osterkamp*, 250 P.3d at 556.

Because Petitioner used the proper form, in compliance with Arizona Rule of Criminal Procedure 32.4(a)(3), to file his second PCR notice within 30 days of conclusion of the first, in compliance with Arizona Rule of Criminal Procedure 32.4(a)(2)(C), and indicated he sought to raise a claim of ineffective assistance of counsel, arguably in compliance with *Rosales* and other Arizona case law, the Court assumes that Petitioner's

---

912 P.2d at 1360 (holding that pleading defendant's second notice of PCR raising a claim of ineffectiveness of previous PCR counsel is timely if filed within thirty days of mandate affirming denial of first PCR petition); *State v. Rosales*, 66 P.3d 1263, 1266 (Ariz. Ct. App. 2003) (finding "no fatal flaws on the face of petitioner's [second] notice of post-conviction relief" where "the notice merely noted the possibility that a claim of ineffective assistance of counsel might be raised" and did not "purport to set forth in the notice an exhaustive list of the claims to be raised in the petition"). Arizona's rules permitted Petitioner to follow up his second PCR notice with a corresponding petition, which could have expounded upon any ineffective assistance of counsel claim raised in the notice. *See* Ariz. R. Crim. P. 32.4(a), (c).

second PCR notice was properly filed. Under that assumption, Petitioner's second PCR proceeding concluded on February 14, 2018, when the Arizona Supreme Court denied review of the Arizona Court of Appeal's affirmation of the state PCR court's dismissal of his second PCR notice. (Doc 15-3, Feb. 14, 2018 Order at 35.) Petitioner's time for seeking review in the United States Supreme Court expired on May 15, 2018, ninety days after his second PCR notice was denied.[3] His AEDPA one-year clock began to run the next day, on May 16, 2018. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir.2001) (AEDPA's limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). When Petitioner filed his Petition on July 9, 2018, then, only 54 days of his one-year limit had expired.[4] Because his Petition is arguably timely, the Court sustains Objection One.

## B. Objection Two: Cognizability

"District courts adjudicating habeas petitions under § 2254 are instructed to summarily dismiss claims that are clearly not cognizable." *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017). "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quotation and citations omitted); *see also* 28 U.S.C § 2254(a) (state prisoner may seek habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

### i. Ground One

Ground One asserts a speedy trial violation under the United States and Arizona

---

[3] *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); Sup. Ct. R. 13 (ninety days to file petition for writ of certiorari); *see also Torrez v. Ryan*, No. CV08-952-PHX-NVW, 2009 WL 1846830, at *2 (D. Ariz. June 26, 2009) (recognizing that plea-convicted state prisoners can seek review in the United States Supreme Court after conclusion of direct review in state court, which may include Rule 32 proceedings).

[4] The time between the Arizona Court of Appeal's mandate following the first PCR proceeding and Petitioner's filing of the second PCR notice did not start AEDPA's one-year clock because the second PCR proceeding is best understood as "part of a single round of [state] habeas relief[.]" *See Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) (citing *Evans v. Chavis*, 546 U.S. 189, 191–93 (2006)); *see also Osterkamp*, 250 P.3d at 555–56 ("[T]he of-right proceeding includes the first post-conviction proceeding as well as the timely filed proceeding that follows it.").

Constitutions. (*See* Pet. at 6.) To the extent that Ground One is based on the Arizona Constitution—state law—it is not cognizable in habeas. Petitioner argues that the Magistrate Judge erred in concluding otherwise because "an error of state law that amounts to a due process violation can be raised in habeas." (Obj. at 6.) But Petitioner does not argue that Ground One amounts to a violation of due process; he argues it amounts to a violation of the speedy trial guarantee of the Arizona Constitution. (Pet. at 6.) This argument is not cognizable in habeas. Objection Two, as applied to Ground One's Arizona Constitution claim, is overruled.

### ii. Ground Three

Ground Three—that county detention officials improperly removed from Petitioner's jail cell exculpatory letters written by his victims, violating his right to present a defense—is similarly unreviewable. (*See* Pet. at 8.) Absent a demonstration of cause and prejudice, habeas courts cannot review state application of state procedural rules. *Martinez v. Ryan*, 926 F.3d 1215, 1224–25 (9th Cir. 2019). At best, Ground Three alleges that state procedural rules governing the production of documents resulted in Petitioner's inability to use the letters. (*See* R. & R. at 13 (interpreting Ground Three as such).) Petitioner's claim that *Britt v. North Carolina*[5] and *Lane v. Brown*[6] stand for a contrary proposition is incorrect. (*See* Obj. at 7.) *Britt* and *Lane* involved alleged denials of the Fourteenth Amendment's equal protection guarantee after state trial courts refused to grant free copies of transcripts to indigent defendants. *Britt*, 404 U.S. at 227; *Lane*, 372 U.S. at 482–83. Petitioner, in contrast, alleges no equal protection violation in connection with the missing victim letters and raises no colorable claim that the missing letters deprived him of due process. (*See* Obj. at 9–11.) Because Ground Three involves a state court's application of state procedural rules, and Petitioner demonstrates no cause or prejudice, Ground Three is not cognizable in habeas. Objection Two, as applied to Ground Three, is overruled.

### iii. Ground Four

Ground Four—presented by Petitioner as a claim that the State violated his due

---

[5] 404 U.S. 226 (1971).
[6] 372 U.S. 477 (1963).

process rights by not providing him documents in his first PCR proceeding—was construed by the Magistrate Judge as a claim of ineffective assistance of PCR counsel. (Pet. at 9; R. & R. at 15.) Petitioner accepts this characterization but objects to the Magistrate Judge's conclusion that Ground Four is noncognizable, arguing that the Magistrate Judge based this conclusion on an incorrect premise: that Petitioner was not constitutionally entitled to counsel in his first state PCR proceeding. (Obj. at 8–9.) Petitioner is correct.

Citing *Coleman v. Thompson*,[7] the Magistrate Judge reasoned that "[t]here is no constitutional right to an attorney in state [PCR] proceedings" so "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (R. & R. at 15.) But in Arizona, there is a constitutional right to an attorney in certain PCR proceedings: *Coleman*'s rule does not apply when non-capital, plea-convicted defendants pursue relief through Rule 32. When "a defendant who pleads guilty in a non-capital case waives his right to a direct appeal," Rule 32 proceedings become "the sole available avenue" for that defendant to exercise his constitutional right to appellate review. *Ree v. Ryan*, No. CV-13-00746-TUC-RM, 2015 WL 3889360, at *1 (D. Ariz. June 23, 2015) (citing *Pruett*, 912 P.2d at 1359–60); *see also Summers*, 481 F.3d at 711 (holding that Arizona's Rule 32 of-right proceeding is a form of "direct review" for pleading defendants). Because Rule 32 is a non-capital pleading defendant's sole opportunity for direct review, prisoners pursuing Rule 32 relief are constitutionally entitled to effective assistance of counsel. *Id.* (citing *Pruett*, 912 P.2d at 1360); *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."); *see also Ramon v. Ryan*, 2010 WL 3564819, at *11 (D. Ariz. July 23, 2010) (Arizona pleading defendant has a right to counsel in his Rule 32 of-right post-conviction proceeding); *Walker v. Ryan*, 2015 WL 10575864, at *5 (D. Ariz. Oct. 21, 2015) (same). Therefore, a claim of ineffective assistance of counsel in a pleading defendant's Rule 32 proceeding is just as reviewable as a claim of ineffective assistance of appellate counsel in a nonpleading defendant's direct

---

[7] 501 U.S. 722, 752 (1991).

appeal. *Osterkamp*, 250 P.3d at 557 (Rule 32 proceeding is "the procedural equivalent of a first appeal"). The Magistrate Judge erred in concluding otherwise.

Nevertheless, Ground Four is unreviewable because it was procedurally defaulted. In his first state PCR proceeding, Petitioner requested production of the documents referenced in Ground Four, and the state PCR court denied these requests on the basis of state procedural law. (*See* Doc. 15-1, Request for Prep. of PCR Record at 90; Doc 15-1, Mot. to Request Prod. of Records at 95–98, 105–08; Doc. 15-2, Apr. 20, 2015 Order at 4.) "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Because the documents were denied based on a state procedural rule independent of any federal question and adequate to support the denial, the Court cannot review this denial, or counsel's role, if any, in this denial.

### C. Objection Four: Procedural Default

#### iv. Ground One

Petitioner objects to the Magistrate Judge's conclusion that Ground One, to the extent it alleges a speedy trial violation under the United States Constitution, was procedurally barred because he failed to raise it in his first state PCR action when he knew of it but failed to assert it, and would now be prohibited from raising it under Arizona Rule of Criminal Procedure 32.2(a)(3). (R. & R. at 17 (citing Doc. 15-2, June 6, 2017 Order at 110).) In his Objections, Petitioner recasts Ground One as an ineffective assistance of counsel claim, arguing that because he was "deprived of counsel on his timely as of-right second PCR . . . it is not appropriate to attribute any procedural violation [in the first PCR] to him." (Obj. at 12.) The Court may decline to consider new allegations presented for the first time in objections. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). Because Petitioner only now presents Ground One as an ineffective assistance of counsel claim, the Magistrate Judge had no opportunity to consider it. The Court therefore considers Ground One as presented in the Petition: "[the] State knowingly violated

- 11 -

Petitioner's right to a speedy trial [in violation of the] U.S. Constitution." (Pet. at 6.) The Magistrate Judge correctly concluded that by failing to properly raise this claim in his first PCR action, Petitioner failed satisfy the exhaustion requirements set forth in *Baldwin v. Reese*[8] and *Casey v. Moore*.[9] (R. & R. at 17.) Moreover, by pleading guilty, Petitioner waived any speedy trial violation. *See Ortberg v. Moody*, 961 F.2d 135, 136–38 (9th Cir. 1992) (holding that guilty plea barred habeas consideration of claims alleging, among other things, denial of right to speedy trial). In any event, the state PCR court independently reviewed the record for a speedy trial violation, and found none. (Doc. 15-2, June 6, 2017 Order at 109–10.) Objection Four, as applied to Ground One, is overruled.

### v. *Ground Two*

Ground Two—that a buccal swap was illegally collected from a baby of one of Petitioner's victims, in violation of Petitioner's Fourth Amendment rights—is also procedurally barred. The Magistrate Judge concluded that Ground Two is unreviewable in habeas because at the trial court level Petitioner neither moved to suppress this evidence nor argued he was prevented from moving to suppress the evidence. (R. & R. at 13.) Petitioner objects only on the basis that Ground Two is "[p]roperly considered" as "one of IAC, not an independent claim." (Obj. at 8.) As with Ground One, the Court declines to consider this argument because it was raised for the first time in his Objections. *See Howell*, 231 F.3d at 621–22.

Even if the Court accepted Petitioner's recharacterization, and agreed that Petitioner's trial counsel should have filed a motion to suppress the buccal-swab evidence, Petitioner's guilty plea renders this claim moot. A valid guilty plea "results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment." *Haring v. Prosise*, 462 U.S. 306, 320 (1983). "[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence

---
[8] 541 U.S. 27, 29 (2004).
[9] 386 F.3d 896, 916 (9th Cir. 2004).

that may have been improperly seized." *Id.* at 321. As Petitioner presents no colorable claim that his plea was coerced or otherwise invalid, Objection Four, as applied to Ground Two, is overruled.

### D. Objection Three: Claims Waived by Guilty Plea

Because the Court concludes that Ground Three is noncognizable, the Court does not reach Objection Three—that by pleading guilty, Petitioner did not waive his claim regarding the missing victim letters. (*See* Obj. at 9–11.) In any event, Objection Three is meritless. Petitioner cites *Class v. United States*[10] to support Objection Three. (Obj. at 9–10.) But *Class* reiterates that a valid guilty plea "renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Id.* at 805. By signing a guilty plea, Petitioner admitted to the crimes the missing victim letters would allegedly exculpate him of—rendering any claim regarding the missing letters irrelevant to his current custody. *See id.* (stating a guilty plea "is, of course, a confession of all the facts charged in the indictment") (citing *Commonwealth v. Hinds*, 101 Mass 209, 210 (1869) (quotation omitted)).

## III. CONCLUSION

Because the Court finds Petitioner's Petition arguably timely, it sustains Objection One. The Court overrules Objections Two, Three, and Four. The Court adopts the Report and Recommendation in relevant part and denies and dismisses the Petition with prejudice.

**IT IS ORDERED** sustaining Objection One raised in the Objections to Magistrate Judge's Report and Recommendation (Doc. 20).

**IT IS FURTHER ORDERED** overruling Objections Two, Three, and Four raised in the Objections to Magistrate Judge's Report and Recommendation (Doc. 20).

**IT IS FURTHER ORDERED** adopting in relevant part the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 17).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody

---

[10] 138 S. Ct. 798 (2018).

(Doc. 1).

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the Petition is justified because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 24th day of September, 2019.

_____
Susan R. Bolton
United States District Judge